### *The final accounting in* ANN DAVIS's *Estate.*

THE provisions of a will may be declared null and void on final accounting, where it was revoked by a subsequent marriage of a testatrix. Intestacy declared in a decree on final accounting.

THE SURROGATE. Ann Davis died January 10th, 1865, in the city of New York, owning in fee real estate. She executed a will August 12th, 1864, in which she left a legacy of $3,000 to Thomas Pickard, chargeable on her real estate, and appointed John T. Davis, her son, executor. She was then a widow. On August 15th, she married Thomas Pickard. After her death, her son Davis proved the will, without advising the Surrogate of the marriage of the decedent subsequent to its execution, and took letters testamentary. Eighteen months having.

expired, Pickard petitioned for payment of his legacy. The facts of the case then appeared, and on an accounting the question of the validity of the bequests of the will comes up.

That "a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage," is the express direction of the statute. (3 *R. S.*, *5th ed.*, *p.* 145, § 39). And it is the duty of the Surrogate to declare it revoked as soon as the facts of the case appear to him. This would have been done had they so appeared on the application for probate, but they did not so appear, and the marriage to Pickard was a fact of which this Court was never made aware until this proceeding on accounting. There must be a decree that Ann Davis died intestate, that her husband, Thomas Pickard, is entitled to her personalty, and that her real estate descends to her son, John T. Davis, as heir, there having been no child born of her marriage with Pickard, and there being consequently no tenancy by the courtesy in him.